ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. WHITE SEWING MACHINE COMPANY.

Opinion delivered June 22, 1901.

VOLUNTARY NONSUIT—DISCRETION OF COURT.—Under Sand. & H. Dig., § 5791, providing that an action may be dismissed without prejudice by the plaintiff before final submission of the case, and that in all other cases, upon the trial of the action, the decision must be upon the merits, the court, in the interests of justice, may permit a plaintiff to withdraw a submission of his case, and take a nonsuit without prejudice.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

*Sam H. West* and *J. M. & J. G. Taylor,* for appellant.

The statute (Sand. & H. Dig., § 579) provides for dismissals without prejudice only *before* final submission. It was error for the court to allow such dismissal *after* submission. 8 S. E. 806; 10 Wend. 520; 20 Wend. 36; 1 T. R. 52; 11 Johns. 458; 5 Johns. 346; 2 Johns. 181, 191; 10 S. E. 807; 8 Ia. 462; 23 Ia. 216; 59 N. W. 1009; 70 Ind. 524.

*J. H. Harrod,* for appellee.

Appellant had the right, with leave of the court, to dismiss before the case was decided. 26 Mo. 492; 42 Mo. App. 376; 13 Mo. 588; 48 S. W. 447. The court had the power to allow the dismissal, so long as the discretion was not abused. 23 Kan. 262; 50 Kan. 49.

WOOD, J. The question is, can a court, sitting as a jury, in a cause finally submitted for decision, permit the plaintiff to withdraw the submission and take a nonsuit without prejudice? The statute is as follows: "An action may be dismissed without prejudice to a future action: *First.* By the plaintiff before the final submission of the case to the jury or to the court, where the trial is by the court. * * * In all other cases, upon the trial of the action, the decision must be upon the merits." Sec. 5791, Sand. & H. Dig. Kansas has an exactly similar statute. In *Ashmead* v. *Ashmead,* 23 Kan. 262, the court, through Judge Brewer, held that "after a case has been finally submitted to the jury or court the plaintiff has no right to dismiss the action without prejudice to a future action, but, while all legal right on the part of the plaintiff has ended, the court may, in its discretion, and to prevent injustice and wrong, permit the plaintiff to recall the submission and dismiss without prejudice, and in such case the action of the court, unless it has abused its discretion, is no ground of error." This is correct. The plaintiff, under the statute, may not demand as his right what is within the discretion of the court, in the interest of justice, to permit. The record shows that the court suggested to plaintiff's counsel that the dismissal without prejudice would be permitted, since the court did not believe that a fair trial of plaintiff's case could be had upon the record as it then stood, and believed the dismissal to be in the interest of justice.

Affirmed.