## CARPENTER *v.* DRESSLER.

### (Two cases.)

Opinion delivered July 29, 1905.

1.  EVIDENCE—TRANSCRIPT FROM LAND OFFICE.—Under Kirby's Digest, § 3064, providing that "all certified transcripts from the office of the Commissioner of State Lands shall be received in evidence of the existence of the records of which the transcript is a copy," a certified transcript showing the execution of a deed by the Commissioner is not admissible until the party offering it accounts for the loss or destruction of the deed, or shows it to be inaccessible or otherwise not subject to production, as a foundation to admit the transcript as secondary evidence. (Page 401.)

2.  SECONDARY EVIDENCE—FOUNDATION.—It was error to refuse to permit a party to lay the necessary foundation for the introduction of secondary evidence. (Page 403.)

3.  NONSUIT—RIGHT TO TAKE BEFORE SUBMISSION.—A case is not finally submitted until the argument is closed, until which time the plaintiff has a right, under Kirby's Digest, § 6167, to take a nonsuit. (Page 403.)

4.  SAME—WHEN ALLOWED AFTER SUBMISSION.—Even after final submission it is within the sound discretion of the court to permit a nonsuit, and the court ought to do so when it is in the interest of justice, and necessary to enable parties to obtain a fair trial, which cannot be had on the record as it stands. (Page 403.)

5.  EXCEPTION TO EVIDENCE—SUFFICIENCY.—A general exception to competent secondary evidence was insufficient to raise the objection that proper foundation had not been laid for its introduction. (Page 404.)

6.  EXCEPTION TO OVERRULING OF MOTION FOR NEW TRIAL—HOW PRESERVED.— An exception to the overruling of a motion for new trial may properly be made in the record entry of its overruling, and when that is done it is unnecessary to repeat the same formality in the bill of exceptions. (Page 404.)

Appeal from Arkansas Circuit Court.

GEO. M. CHAPLINE, Judge.

Reversed.

*H. A. & J. R. Parker* and *John F. Park,* for appellant.

By the statute (Kirby's Dig. § § 3057, 3064) copies of entries made in the books of the land office, certified by the proper officer, are made evidence to the same extent as the original books and papers would be, if produced. The transcript of the record entries of the land office was sufficient as a link in the chain of title in ejectment. Kirby's Dig. § §

2738, 2741; 41 Ark. 97; 9 Ark. 559; 43 Ark. 296; 52 Ark. 290; 57 Ark. 153; 73 Ark. 221; 74 Miss. 13. As to use of certified copies in general see Kirby's Dig. § 757. Neither the answer nor the exceptions contained therein are sufficient. Kirby's Dig. § § 2742-4. Exceptions must specifically point out all objections to the adversary title. 47 Ark. 197; *Ib.* 413; 55 Ark. 286; 73 Ark. 221. The court erred in refusing to allow appellant to prove the loss of the patent and in refusing to allow a nonsuit.

*Lewis & Ingram* and *H. Coleman,* for appellee.

The certified transcript from the land office is not of equal evidentiary value to the patent itself, but is only secondary evidence of the existence thereof. *Cf.* Kirby's Dig. § § 3057, 3064, 4746 *et seq.* The loss of the patent must be first shown as a foundation for the admission of such secondary evidence. 57 Ark. 158. Appellee's exceptions to the muniments of title filed by appellant were sufficient. Kirby's Dig. § 2742 *et seq.*

*H. A. & J. R. Parker* and *John F. Park,* for appellant, in reply:

The certified copy of the record of the land office was equal in evidentiary value to the patent certificate itself. 55 Ark. 286. Further upon the insufficiency of the answer and exceptions, see: 52 Ark. 290; 73 Ark. 221.

HILL, C. J. The issues in these cases are identical, and they will be treated for the purposes of the opinion as one case.

1. The first question for consideration is the effect to be given to a certified transcript from the office of the Land Commissioner, when offered in evidence to prove a transfer therein shown. The statute, section 3064, Kirby's Digest, only provides that, when properly certified, it shall be received in evidence of the existence of the records of which the transcript is a copy. It does not provide whether it shall be primary or secondary evidence, and the question here is whether such transcript can be received as original evidence to prove the issuance of a certificate or deed, without first accounting for the deed or certificate. In other words, does this statute make the record of the transaction required by law to be kept in the land office the same grade of evidence as the certificate or deed issuing from the land office as a

result of the transaction there recorded? One view to take of it is that the law requires a record to be had of the transaction, say a land sale, and as evidence of the consummation of that sale the deed is issued, and it is evidence, but not the only evidence, of the sale, for this record must precede the issuance of the deed, and the deed is based upon the transaction therein recorded. In this view, the record and deed would be original evidence of equal grade, and this statute makes the certified transcript of the record equal to the record itself. This is the view taken, under closely analogous statutes, in Mississippi and Alabama. *Boddie* v. *Pardee,* 74 Miss. 13; *Wood-Stock Iron Company,* v. *Roberts,* 87 Ala. 436.

In *Boynton* v. *Ashabranner,* decided at this term, 75 Ark. 415, this view prevailed. However, the question was not fully considered, as the court was then of opinion, as therein indicated, that *Dawson* v. *Parham,* 55 Ark. 286, had settled this question in this way. In the argument of this case, counsel pointed out the error of the court in misconceiving the scope of *Dawson* v. *Parham.* That case did not reach to this point, but to the effect of the certified transcript being of equal dignity to the record in the land office, and did not decide the effect of the record itself (or its copy made pursuant to the statute) as original evidence to prove the transfer, without accounting for the deed or certificate itself. The question arising again in this case and in *Covington* v. *Berry,* this day decided, has caused the court to re-examine the ruling in *Boynton* v. *Ashabranner,* as well as in the cases now at bar. The other view of the question is that the record in the land office is a public memorandum of the transaction, and that the primary evidence of the transaction is the deed or certificate issued by the Land Commissioner, and this public memorandum is only admissible evidence after the loss or destruction or inability of the party to produce the original is shown, and then this public record (and by statute certified transcripts thereof) becomes the highest grade of secondary evidence to prove the transaction therein recorded. This subject is fully and exhaustively treated by Wigmore in his recent treatise on the Law of Evidence, and statutes and decisions from almost every State in the Union are collected in a note following the discussion on the subject. 2 Wigmore on Evidence, 1239, and note pages 1484-1488.