WHITTED v. SOUTHWESTERN TELEGRAPH & TELEPHONE CO.

(District Court, E. D. Arkansas, W. D.    October 31, 1914.)

No. 5727.

1. COURTS (§ 339*)—FEDERAL COURTS—CONFORMITY TO STATE LAW—NONSUIT —MOTION—TIME.

Under the Conformity Act (Rev. St. § 914; Comp. St. 1913, § 1537), a federal court is required to conform to the laws of the state in which the court is held, as to the time within which plaintiff may move for a nonsuit.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 914; Dec. Dig. § 339.*]

2. DISMISSAL AND NONSUIT (§ 10*)—MOTION—TIME—STATUTES.

Kirby's Dig. Ark. § 6167, provides that an action may be dismissed without prejudice by plaintiff before final submission of the case to a jury, or to the court where trial is by the court. *Held* that, where a motion to direct a verdict for defendant had been granted, but the verdict had not been actually signed when plaintiff moved to take a nonsuit, the motion was too late.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 24; Dec. Dig. § 10.*]

3. DISMISSAL AND NONSUIT (§ 10*)—MOTION—TIME—DISCRETION.

Where plaintiff's case had been fully developed, and no important evidence offered by him had been excluded, and there was no surprise, the court, having sustained a motion to direct a verdict for defendant, would not, in the exercise of discretion, grant plaintiff's motion for leave to take a nonsuit.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 24; Dec. Dig. § 10.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. . Action by Burt Whitted against the Southwestern Telegraph & Telephone Company. On motion to set aside a judgment and grant plaintiff leave to take a nonsuit. Denied.

R. E. Wiley, of Little Rock, Ark., for plaintiff.

A. P. Wozencraft, of Dallas, Tex., and Walter J. Terry and Edward B. Downie, both of Little Rock, Ark., for defendant.

TRIEBER, District Judge. The facts, in so far as they are applicable to this motion, are as follows:

After all the evidence had been concluded, counsel for plaintiff submitted to the court some special instructions to be given to the jury. The court, after examining them, announced that the instructions would be refused, and that in view of the uncontradicted evidence in the case .a directed verdict for the defendant would be given, if counsel for defendant requested it. Thereupon counsel for defendant announced that he intended to make such a motion, and said something else, which the court did not understand. The court then announced that, if no request for an instructed verdict was made, counsel might proceed with the argument. Counsel for defendant again arose, and stated that evidently the court did not understand him, as he had asked for an instructed verdict. The court thereupon announced that the request would be granted, and directed the clerk to submit to the jury the verdict to be signed by one of the jurors. It was then that counsel for .the plaintiff requested leave of the court to dismiss the case without prejudice, which request was denied by the court. This request was made before the verdict had been actually signed by the jury.

The authorities on the question as to when the court may permit a voluntary nonsuit are anything but harmonious. Some of the courts hold that no nonsuit can be taken after the motion for a directed verdict has been made; others hold that the action may be dismissed at any time before the court announces its decision, but not thereafter. Some of the courts hold that it may be taken at any time before the court has actually directed the jury to return the verdict, but not thereafter; and still others hold that the cause may be dismissed at any time before the verdict has been actually signed by the jury. For the reasons hereinafter stated it is unnecessary for the court to determine in this cause which of these views should be adopted.

[1] There is also a difference of opinion among the national courts as to whether the statutes of the state in which the court is held are binding under the Conformity Act of Congress (section 914, R. S.); but that question has been determined by the Circuit Court of Appeals of this circuit in Chicago, etc., Ry. Co. v. Metalstaff, 101 Fed. 769, 41 C. C. A. 669, and is authoritative in this court. It was there held that the national courts should be governed by the laws of the state in which the court is held.

[2] Section 6167 of Kirby's Digest of the Statutes of Arkansas provides:

"An action may be dismissed without prejudice to a future action: First. By the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court."

This statute was construed by the Supreme Court of the state in St. L. S. W. Ry. Co. v. Sewing Machine Co., 69 Ark. 431, 64 S. W. 96, and the court there adopted the rule established by the Supreme Court of Kansas in Ashmead v. Ashmead, 23 Kan. 262; the statute of that state being, like that of Arkansas, that:

"After a case has been finally submitted to the jury or the court, the plaintiff has no right to dismiss the action without prejudice to a future action; but, while all legal right on the part of the plaintiff has ended, the court may, in its discretion, and to prevent injustice and wrong, permit the plaintiff to recall such submission, and dismiss without prejudice; and in such case the action of the court, unless it has abused its discretion, is no ground of error."

In St. Joseph, etc., Ry. Co. v. Dryden, 17 Kan. 278, Mr. Justice Brewer, delivering the opinion of the court, said:

"Where a demurrer to the evidence is sustained, the case is ready for judgment. It has been finally submitted to the court, and the plaintiff has no more right to dismiss then than he has after a verdict is returned. The case is decided, and the plaintiff has no right to avoid that decision by a dismissal."

The statute of Nebraska is identical with that of this state, and in Bee Building Co. v. Dalton, 68 Neb. 38, 93 N. W. 930, 4 Ann. Cas. 508, it was held that to permit a dismissal of a cause after the court had announced that a demurrer to the evidence was sustained, although the verdict had not yet been signed, was error, and reversed the trial court for permitting it.

[3] It is true that there is a discretion left to the courts; but it is not an arbitrary discretion, but one which will promote the ends of justice, and is authorized by the well-established principles of law. If there had been some surprise during the trial of the case, or if some important evidence offered by the plaintiff had been excluded because of some technical defect, and by reason thereof his case was not fully developed, the court would be justified, in the exercise of its discretion, to permit a dismissal of the action, and thus give the plaintiff an opportunity to present his case fully. But in the instant case the entire case had been fully developed; none of the evidence offered by the plaintiff was excluded Nor is it claimed there was any surprise by reason of the evidence introduced by the defendant. For this reason it would be an abuse of discretion for the court to deprive the defendant of the right to have the case finally disposed of, and compel it to undergo the expense of a new trial. In Bee Building Co. v. Dalton, supra, this question was fully discussed, the court saying:

"One who is defending against a claim which he believes to be unjust ought not to be subjected to the expense of litigation which settles nothing. And since he is not permitted to choose another forum when it is discovered that the court is against him, it is manifestly unfair to give the plaintiff an unlimited freedom of choice. The taxpaying public, too, have rights which it may be presumed the Legislature took into account in adopting section 430 [Code Civ. Proc.]. It is, of course, entirely proper that courts should be maintained at public expense to hear and determine all controversies that may be submitted to them; but it is no part of the business of the state in administering justice to provide for sham trials, or to maintain courts for experimental investigation. Indeed, it would be a reproach to our judicial system to permit a defeated litigant to abandon his case and sue again, thus harassing

the defendant and wasting money raised by taxation for public purposes. Our conclusion is that the court erred in sustaining plaintiff's motion."

The signing of the verdict by the jury is a mere ministerial or ceremonial act. It is the decision of the court which is the judgment. Judgments of courts are of a higher grade than the signing of a verdict, and it has been uniformly held that the judgment of a court is its pronouncement from the bench; the record only being the evidence of what the court decided. Freeman on Judgments, § 38; United States v. Stoller (D. C.) 180 Fed. 910; American Mortgage Co. v. Williams, 103 Ark. 484, 145 S. W. 234. In the last-cited case the facts were that the decree had been pronounced by the court during the term, but it was not actually drafted at that time and was entered after the term had expired. Under the laws of Arkansas, in force at the time the decision was rendered, a decree or judgment rendered in vacation was a nullity. Poole v. Oliver, 89 Ark. 85, 115 S. W. 952. But in the Williams Case the court held:

"The mere fact that the decree was not actually entered by the clerk in the record until in February, 1902, and beyond the term, did not affect its validity; nor is the fact that the decree appears entered in the record after the order of final adjournment of that term of court sufficient to impeach its verity."

In my opinion, it is too late for a plaintiff to ask for a nonsuit after the court has granted a motion for a peremptory instruction in favor of the defendant and directed the jury to sign it, unless some extraordinary reason demanded it.

The motion is overruled.