HALL, ADMINISTRATOR, *v.* CHESS & WYMOND COMPANY OF ARKANSAS.

Opinion delivered November 5, 1917.

NON-SUIT—MAY BE TAKEN, WHEN.—In a personal injury action, after the testimony was all in, and the attorneys had presented their prayers for instructions to the court, the plaintiff may take a non-suit before the court has instructed the jury.

Appeal from Stone Circuit Court; *Dene H. Coleman,* Judge; reversed.

*W. O. Edmonson* and *Ira J. Mack,* for appellant.

1. The court erred in instructing a verdict for defendant. All the material allegations of the complaint were sustained by the proof. Defendant does deny that its negligence was the direct and proximate cause of the injury, and that it was its duty to warn deceased of the injury, but these are more questions of law than fact. The proof shows the foreman ordered deceased to work under the tree and knew of the danger and gave no warn-

ing.   3 Labatt, Master & Servant (2 ed.), § 1050; 20 Am.
& E. Enc. L. (2 ed.), 96; 26 Cyc. 1172; 56 Ark. 192, 197;
46 *Id.* 388.  The danger was hidden and unknown to the
servant, and he did not assume the risk.

2.   Plaintiffs motion for a non-suit should have been
granted.  Kirby's Digest, § 6167; 76 Ark. 400; 25 S. W. 1;
120 Ark. 389; 10 Ia. 196; 80 N. W. 307.  There was no
final submission of the case to the jury.  272 Ill. 350; 112
N. E. 61; 80 N. W. 307.

*Williamson & Williamson* and *Samuel M. Casey,* for
appellee.

1.   The court did not err in directing a verdict.
Plaintiff failed to make a case.  He was barred by as-
sumed risk and contributory negligence.  90 Ark. 387,
392; 56 *Id.* 210; 46 *Id.* 555; 48 *Id.* 346; 89 *Id.* 425.

If the danger was not caused by the negligence of the
master, the servant assumes the risk.  46 Ark. 388; 89 *Id.*
425; 122 *Id.* 233; 77 *Id.* 458; 92 *Id.* 102; 107 *Id.* 512; 95 *Id.*
562; 1 Labatt, M. & S., § 239, note 3; 118 Ark. 304.

2.   There was no duty on the master to warn the
servant.  He was experienced and mature.  The danger
was visible and not hidden.  82 Ark. 537; 57 *Id.* 503; 121
*Id.* 556; 76 *Id.* 69; 73 *Id.* 55; 77 *Id.* 374; 2 L. R. A. (N. S.)
840; 133 Ala. 580; 31 So. 848; 20 Ann. Cas. 248.  See also
76 Ark. 72; 65 Fed. 48; 67 *Id.* 507.

3.   The court properly refused the non-suit.  Kirby's
Digest, § 6167.  It was a matter within the sound discre-
tion of the court.   69 Ark. 431; 217 Fed. 835; 4 Am. Cas.
508.

SMITH, J.  This was a suit for damages to compen-
sate an injury sustained by the plaintiff, of a nature so
serious that he has died from its effects since the trial of
the cause in the court below.  The plaintiff was engaged
in cutting down a tree against which a dead tree had
fallen, and, in the argument over the instructions, in the
absence of the jury, the court took the view that the dan-
ger was obvious and the risk assumed, and announced
that the request for a directed verdict in favor of the de-

fendant would be granted. After the jury was in the box, and before the verdict was returned by the jury, and before the court had instructed the jury to return a verdict, the plaintiff asked to be permitted to take a non-suit without prejudice, but the request was refused, and the court directed the jury to find for defendant, which was done, and this appeal has been prosecuted to reverse the judgment pronounced thereon.

Without reviewing the evidence, it may be said that, under the abstract of the evidence furnished by appellant, it appears that the injury sustained resulted from an assumed risk and that no liability against the defendant was shown. We can not anticipate what additional evidence might be produced to make a case for the jury. We need, therefore, only now consider appellant's right to take a non-suit. The statute on the subject reads as follows:

"An action may be dismissed without prejudice to a future action, first, by the plaintiff before the final submission of the case to the jury, or to the court, where the trial is by the court. * * *" § 6167, Kirby's Digest.

This statute was construed in the case of *Carpenter* v. *Dressler,* 76 Ark. 403, where it was said that "A case is not finally submitted until the agreement (argument) is closed, and a plaintiff has a statutory right to a non-suit until final submission. Kirby's Digest, § 6167." See, also, *St. Louis Southwestern Ry. Co.* v. *White Sewing Machine Co.,* 69 Ark. 431.

Section 6167 of Kirby's Digest was borrowed from Kentucky, where it is found as section 371 of the Civil Code of that State. This section was construed by the Supreme Court of that State in the case of *Vertrees* v. *Newport News & M. V. Ry. Co.,* 25 S. W. 1, where it was said: "Now, the bill of exception which we have quoted shows that, although the court had sustained plaintiff's motion for the peremptory instruction, there had not been any submission of the case, final or otherwise, to the jury, before plaintiff moved to dismiss the case, for it is stated that the jury was not actually instructed to find for defendant until after the motion of plaintiff to dismiss was

made. Strictly and properly, there can be no final submission of a case to the jury until all questions of law have been disposed of by the court, instructions and papers pertaining to the case have been actually delivered to the jury, and they are authorized, without further interposition or control of the court, to proceed to a judicial examination of the issue of fact submitted to them. In our opinion, plaintiff had the right to dismiss his action without prejudice at the time he made the motion, and the court erred in overruling it, wherefore the judgment is reversed, and cause remanded, that the motion may be sustained.''

We are cited to the case of *Whitted* v. *Southwestern Tel. & Tel. Co.*, 217 Fed. 835, as being opposed to this view. But we think the cases are distinguishable on the facts. There the court had not only announced that the request for the peremptory instruction would be granted, but had directed the clerk to submit to the jury the verdict to be signed by one of the jurors. The request for leave to dismiss the case without prejudice was then made before the verdict had been actually signed by the jury. The opinion pointed out that the signing of the verdict was a mere ministerial or ceremonial act, and that the direction to the jury constituted the final submission of the cause. Here there had been no final submission, for the direction to return a verdict had not been given to the jury.

We approve the conclusion of the Kentucky court upon a state of facts identical with the facts in this record, and make the same order made by that court under identical circumstances. Judgment reversed and non-suit entered here.