## PUBLIC UTILITIES CORPORATION OF ARKANSAS v. McNAUGHTON.

### SAME v. MORGAN.

#### Nos. 8626, 8627.

Circuit Court of Appeals, Eighth Circuit.

Feb. 3, 1930.

Jeff Davis, of El Dorado, Ark., for appellant.

John R. Brand, of El Dorado, Ark. (Thomas W. Nettles and L. P. Stephens, both of Coushatta, La., on the brief), for appellees.

Before KENYON and BOOTH, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge.

The above cases involve the same facts and, upon motion, were consolidated and tried together. The appellees were plaintiffs in the trial court and the appellant was defendant in each of said cases. Such designations will be used in this opinion.

The wives of the plaintiffs were fatally injured in a common accident at Smackover, Ark., on June 2, 1928, and these suits were brought by each plaintiff, not only in his individual capacity for the loss of the services of his wife, but also as administrator of her estate, as may be done in such circumstances under the laws of Arkansas.

The tragic event resulted from a gas explosion due primarily to a defect in a service pipe installed in a residence where the decedents were. It is claimed that the explosion was occasioned by the negligence of an employee of defendant, which was engaged at the time in operating a gas distributing system in the said city of Smackover.

On the day of the accident plaintiff Morgan, and his wife, became occupants of the residence in which the explosion occurred. At their request the defendant, in accordance with its franchise, made such connection of its pipes as to permit its gas to flow into a meter box conveniently placed for measurement and distribution to the service pipes with which said residence was equipped.

According to the evidence of the plaintiffs, said employee negligently failed to ascertain whether the service pipes were in safe condition before turning on the flow of gas. This was easily ascertainable from an inspection of a dial on the meter. Gas escaped through such defective service pipe into the rooms of the dwelling house. Plaintiff McNaughton and wife were guests of the Morgan's. The house became filled with gas which exploded when ignited by a lighted match.

Defendant makes two assignments of error. First, it complains that the trial court erred in overruling its motion for a directed verdict at the close of all the evidence and, second, that the damages awarded by the jury were excessive. Each plaintiff was awarded an aggregate sum of $10,000. The two assignments of error will be noted and discussed in their order in the course of the opinion.

■ 1. The record shows that at the close of all the evidence in the cases "the defendant in each case moved the court for a directed verdict in its favor, which motions were overruled, denied by the court, and the defendants duly saved their exceptions."

Under the authority of Mansfield Hardwood Lumber Co. v. Horton (C. C. A.) 32 F. (2d) 851, 852, this was insufficient to raise the question as to whether there was substantial evidence upon which a jury could base their verdict. It was held in that opinion "that such motion, request, or other equivalent action must be based upon a specific ground or grounds stated in apt words 'and brought sharply to the attention of the court. * * * A general motion stating no grounds is not sufficient. The same rule applies to cases tried with a jury and to cases tried to the court where the statutory requisites waiving a jury have been fulfilled."

A similar ruling was made in Denver Live Stock Commission Co. v. Lee (C. C. A.) 18 F.(2d) 11, and adhered to on rehearing as reported in (C. C. A.) 20 F.(2d) 531.

An examination of the evidence, however, satisfies us that there was substantial testimony for the consideration of the jury.

■ 2. Neither can the question as to the amount of the verdicts be considered by this court. In the case of Sun Oil Co. v. Rhodes (C. C. A.) 15 F.(2d) 790, 792, Judge Stone said in reference to a similar complaint: "The fifth point challenges the amount of the verdict. Such matter cannot be questioned in this court."

The reason for this rule is well stated in New York, L. E. & W. R. Co. v. Winter, 143 U. S. '60, loc. cit. 75, 12 S. Ct. 356, 361, 36 L. Ed. 71, where the court said: "Whether the verdict was excessive is not our province to determine. * * * The correction of that error, if there were any, lay with the court below upon a motion for a new trial, the granting or refusal of which is not assignable for error here. As stated by us in Ætna Life Insurance Co. v. Ward: [140 U. S. 76, 11 S. Ct. 720, 35 L. Ed. 371] 'It may be that, if we were to usurp the functions of the jury, and determine the weight to be given to the evidence, we might arrive at a different conclusion. But that is not our prov-

ince. * * * In such a case we are confined to the consideration of exceptions, taken at the trial, to the admission or rejection of evidence, and to the charge of the court and its refusals to charge. We have no concern with questions of fact, or the weight to be given to the evidence which was properly admitted.' "

In the case of Lincoln v. Power, 151 U. S. 436, 14 S. Ct. 387, 388, 38 L. Ed. 224, cited in the Sun Oil Co. Case, the court said, in relation to this question, "The plaintiff in error complains that the damages found by the jury were excessive, and appear to have been given under the influence of passion and prejudice. But it is not permitted for this court, sitting as a court of errors, in a case wherein damages have been fixed by the verdict of a jury, to take notice of an assignment of this character, where the complaint is only of the action of the jury."

To the same effect was the ruling of the court in Detroit Taxicab & Transfer Co. v. Pratt (C. C. A.) 2 F.(2d) 193, as follows: "This court has no authority to weigh the evidence, and for that reason it is not within its province to determine whether or not the verdict is excessive. That is a question for the trial court upon motion for a new trial, the granting or refusal of which is not assignable as error, unless it appears that the trial court, in overruling such a motion, was guilty of an abuse of discretion."

While the record shows that motions for a new trial were filed, wherein complaint was made relative to the amount of the verdicts, yet no complaint is made here of the action of the trial court in overruling defendant's motions as an abuse of its discretion. Even if the questions were cognizable in this court, an inspection of the record and an examination of the law disclose nothing that would indicate that the verdicts were excessive. Accordingly, the judgments of the trial court should be and are affirmed.