## FALVEY v. COATS.
### No. 8970.

Circuit Court of Appeals, Eighth Circuit.
March 4, 1931.

L. B. Smead, H. P. Smead, and Robert C. Knox, all of El Dorado, Ark., for appellant.

Mahony, Yocum & Saye, of El Dorado, Ark., for appellee.

Before KENYON and GARDNER, Circuit Judges, and MUNGER, District Judge.

GARDNER, Circuit Judge.

Appellant, as plaintiff in the lower court, brought this action to recover $8,698.78, alleging in his complaint that on November 14, 1928, the plaintiff loaned to the defendant W. M. Coats the sum of $8,698.78, which the defendant agreed to pay within a reasonable time. The parties will be referred to as they appeared in the lower court. At the close of all the testimony, the following proceedings occurred:

"Mr Saye: I renew the motion for a directed verdict, Your Honor.

"The Court: Gentlemen of the jury, it is very plain in this case that plaintiff has no case under his complaint; if he has any case at all it is on a separate agreement with reference to this well in the event that it pays out. You are appointed foreman of this jury. Come forward and sign a verdict at the direction of the court, for the defendant.

"Mr. Davis: I desire to save an exception, Your Honor. I would like to move for a voluntary nonsuit.

"Mr. Saye: I object to him taking a nonsuit at this time.

"Mr. Davis: I would like for the stenographer to note in his notes that the foreman had not signed the verdict when the plaintiff made the motion for the nonsuit.

"The Court: The record may so show and that the motion for a nonsuit is denied and you can save an exception."

On appeal, the action of the court in denying plaintiff's motion for nonsuit is assigned as error. The ruling of the court in directing a verdict for the defendant is also assigned as error, but, in the view we take of the issues, it will not be necessary to consider that question.

The ruling of the court in passing on the motion for nonsuit must be tested by the state practice in the state of Arkansas. Barrett

v. Virginian Ry. Co., 250 U. S. 473, 39 S. Ct. 540, 63 L. Ed. 1092; Chicago, M. & St. P. Ry. Co. v. Metalstaff (C. C. A.) 101 F. 769; Alsop v. McCombs (C. C. A.) 253 F. 949; Yarn v. Ft. Dodge D. M. & S. R. Co. (C. C. A.) 31 F.(2d) 717. Section 1261, Crawford & Moses' Digest of the State of Arkansas, provides:

"An action may be dismissed without prejudice to a future action:

"First. By the plaintiff before the final submission of the case to the jury, or to the court, where the trial is by the court."

■ In considering this question it is important to observe the condition of the record when the plaintiff made his motion for a nonsuit. The motion for a directed verdict interposed by the defendant stated no grounds upon which it was based. Had the motion been denied, this court would doubtless have declined to review the ruling of the court in denying it because of its insufficiency. A motion for a directed verdict should specifically state the grounds upon which it is urged. Mansfield Hardwood Lbr. Co. v. Horton (C. C. A.) 32 F.(2d) 851; Public Utilities Corp. v. McNaughton (C. C. A.) 39 F.(2d) 7. It was due to the lower court that its attention be specifically called to the grounds upon which the motion was based; it was due to opposing counsel so that they might have an opportunity, either intelligently to oppose the motion, or ask to reopen the case for the introduction of further testimony, or for leave to amend the pleadings, or to move for a nonsuit; it was due the appellate court so as to enable that court to see whether or not the grounds urged were the same as those presented to the trial court. Where a motion for a directed verdict, failing to state the grounds upon which it is based, is denied, it is unfair to the trial court and to the appellate court; but, where it is granted, it is unfair to the party against whom it is granted.

■ In the instant case it may be gathered from the remarks of the court in granting the motion that it was granted on the grounds of a variance between the allegations of the complaint and the proof. But there is nothing in the record bringing this point to the attention of opposing counsel, until the court announced its decision, and with that announcement directed the jury to return a verdict. We have not overlooked an attempt to inject into the record by stipulation a statement that counsel for defendant moved the court to direct a verdict in favor of the defendant, on the ground that the opening statement of counsel for plaintiff showed that the plaintiff had not loaned money to the defendant and was therefore not entitled to recover on the cause of action alleged in the complaint. The printed transcript in this court cannot be so amended, but, even if it could, the record is silent as to what counsel may have said in his opening statement. The question is an important one in this case, because the judgment upon the instructed verdict prevents the maintenance of another action for the same cause, while a judgment of nonsuit would permit the maintenance of such action.

We have already noted that the verdict in this case was directed, not because the plaintiff did not have a substantial cause of action, but because of the alleged insufficiency of his pleadings, and hence the judgment of dismissal on the merits might well work a serious injustice to plaintiff. In other words, while the judgment has the effect of a judgment on the merits, it was in fact directed because of procedural defects, rather than the failure of proof to prove any cause of action.

■ It is contended by defendant that the motion for nonsuit came too late because the jury had already been directed to return a verdict before plaintiff's motion was interposed, and hence the case had been finally submitted to the jury. To this plaintiff replies that, as the motion for a directed verdict failed to state the grounds on which it was based, he was given no opportunity to exercise his right of election to submit the case on the issue on which the motion was ultimately granted, and endeavor to secure a verdict, or to take a nonsuit. In the view we take of the case, it is not necessary to determine whether, as a matter of right, plaintiff should have been permitted to take a nonsuit. In any view of the case, the court was vested with a discretion to allow plaintiff to withdraw his submission and dismiss his action without prejudice. St. Louis S. W. Ry. Co. v. White Sewing Machine Co., 69 Ark. 431, 64 S. W. 96, 97; Carpenter v. Dressler, 76 Ark. 400, 89 S. W. 89, 90; St. Louis, I. M. & S. Ry. Co. v. Ingram, 118 Ark. 377, 176 S. W. 692, 694; Hall v. Chess & Wymond Co., 131 Ark. 36, 198 S. W. 523; Whitted v. Southwestern T. & T. Co. (D. C.) 217 F. 835, 837.

In St. Louis S. W. Ry. Co. v. White Sewing Machine Co., supra, the lower court permitted plaintiff to take a voluntary nonsuit after the cause had been finally submitted for decision, and on appeal the Supreme Court

858

of Arkansas held that, under the Arkansas statute the court was vested with a discretion to permit the plaintiff, after final submission, to dismiss his action without prejudice. In the course of the opinion it is said: "Kansas has an exactly similar statute. In Ashmead v. Ashmead, 23 Kan. 262, the court, through Judge Brewer, held that 'after a case has been finally submitted to the jury or court the plaintiff has no right to dismiss the action without prejudice to a future action, but, while all legal right on the part of the plaintiff has ended, the court may, in its discretion, and to prevent injustice and wrong, permit the plaintiff to recall the submission and dismiss without prejudice, and in such case the action of the court, unless it has abused its discretion, is no ground of error.' This is correct. The plaintiff, under the statute, may not demand as his right what is within the discretion of the court, in the interest of justice, to permit. The record shows that the court suggested to plaintiff's counsel that the dismissal without prejudice would be permitted, since the court did not believe that a fair trial of plaintiff's case could be had upon the record as it then stood, and believed the dismissal to be in the interest of justice."

In Carpenter v. Dressler, supra, the Supreme Court of Arkansas reversed the lower court for its refusal to permit the plaintiff to take a nonsuit after the final submission of the cause, and in the course of the opinion in that case it is said: "The court treated the agreement to submit the case as the final submission, and, if this be right, still it was in the sound discretion of the court to permit a nonsuit after final submission, and the court ought to do so when it is in the interest of justice and to enable the parties to obtain a fair trial, which cannot be obtained on the record as it then stands. Railway v. Sewing Machine Co., 69 Ark. 431, 64 S. W. 96. It was an arbitrary exercise of discretion not to permit either the foundation to be laid in that suit for the admission of the transcript or permit a nonsuit in order that the record in a future suit would fairly present the rights of the parties."

In St. Louis, I. M. & S. Ry. Co. v. Ingram, supra, the doctrine of the above case is reaffirmed. In the course of the opinion it is said: "Under section 6167 of Kirby's Digest the action may be dismissed without prejudice by the plaintiff as a matter of right at any time before final submission of the cause; and after the cause has been submitted, in the interest of justice, the court may permit the plaintiff to withdraw the submission of his case and to take a nonsuit without prejudice."

Judge Trieber, in Whitted v. Southwestern T. & T. Co., supra, while holding that the motion for a nonsuit made after the court had directed a verdict should not be granted as a matter of right, said: "It is true that there is a discretion left to the courts; but it is not an arbitrary discretion, but one which will promote the ends of justice, and is authorized by the well-established principles of law.".

We think it important to bear in mind that the motion for a directed verdict contained no suggestion of the grounds upon which the court granted it, and hence the plaintiff was given no opportunity to exercise his right of election to take a nonsuit or take a verdict against himself. As soon as the court announced the grounds upon which it granted the motion, plaintiff interposed his motion for a nonsuit. We must assume, in view of the condition of the record, that had the defendant, in his motion, stated the grounds upon which it was based, the plaintiff would then have moved for a nonsuit, and under the Arkansas statute, as construed by the Supreme Court of that state, would have been entitled to it as a matter of right.

The judgment is conclusive upon plaintiff, although not based upon the merits of his case. So far as consistent with the orderly administration of justice, that procedure should be favored which will result in the determination of causes on their merits, as most likely to be in furtherance of justice. We are of the view that, in the interest of justice, the court should have granted plaintiff's motion, and that, under the circumstances as reflected in this record, to deny this motion was an abuse of judicial discretion.

The judgment appealed from is therefore reversed, and the cause remanded, with directions to grant the plaintiff a new trial.