## SHELL PETROLEUM CORPORATION v. SHOENFELT.

### No. 1303.

Circuit Court of Appeals, Tenth Circuit.

Dec. 26, 1935.

See, also, Shell Petroleum Corporation v. Shore, 80 F.(2d) 785.

Thompson, Mitchell, Thompson & Young and John M. Holmes, all of St. Louis, Mo., for appellant.

Chas. G. Yankey, Harvey C. Osborne, John G. Sears, Jr., and Verne M. Laing, all of Wichita, Kan., and E. J. Taggart and John Bradley, both of Wellington, Kan., for appellees.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This is an appeal from a judgment dismissing plaintiff's petition without prejudice. The action was instituted to recover damages for an alleged breach of an implied covenant in an oil and gas lease to drill offset wells. Defendant sought no affirmative relief. William Shore and wife instituted a similar action against the same defendant involving the same lease. The two cases were alike in issues of fact and law; the only difference being that here plaintiff had acquired by assignment from the Shores an interest in the royalty rights to a small tract of the land included in the lease. The other case was tried to a jury. A verdict was returned for plaintiff; judgment was entered upon it; and an appeal was perfected to this court. The parties here stipulated that a jury be waived, that the case be tried and determined by the court upon the evidence submitted in the other case, and that requested findings and conclusions be filed within seven days after the date of the stipulation. The requested findings were seasonably tendered, and the court entered an order that the case was then submitted in accordance with the stipulation. About a week later the court announced that its decision would be withheld pending disposition of the other case on appeal. The judgment in that case was reversed, and the cause was remanded, with direction to proceed further in accordance with the views expressed in the opinion. Shell Petroleum Corporation v. Shore, 72 F.(2d) 193. Thereafter, and while the court still had this case under submission, plaintiff interposed a motion to dismiss his petition without prejudice to the right to file another suit at law or in equity concerning the same matters. The motion was sustained and the petition was dismissed without prejudice, despite the objection of defendant. The appeal is from that action.

The right of dismissal is a question of procedure which, under the terms of the Conformity Act (28 U.S.C.A. § 724), must be resolved according to the law of the state. Barrett v. Virginian Ry. Co., 250 U.S. 473, 39 S.Ct. 540, 63 L.Ed. 1092; Snider v. Sand Springs Ry. Co. (C.C.A.) 62 F.(2d) 635; Prudential Ins. Co. v. Stack (C.C.A.) 60 F.(2d) 830; Iowa-Nebraska Light & Power Co. v. Daniels (C.C.A.) 63 F.(2d) 322.

Section 60—3105, R.S. Kansas 1923, provides when and how a case may be dismissed. It is in this language:

"An action may be dismissed without prejudice to a future action:

"First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court.

"Second. By the court where the plaintiff fails to appear on the trial.

"Third. By the court for want of necessary parties.

"Fourth. By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.

"Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.

"In all other cases, upon the trial of the action the decision must be upon the merits."

Five instances are specified. It is then provided that in all other cases the decision must be upon the merits. It was held in the early case of Ashmead v. Ashmead, 23 Kan. 184, 262, that a court may in its discretion, and to prevent injustice, permit the dismissal of an action without prejudice after it has been submitted and while it is under consideration. But the case of McKinley v. Shull, 112 Kan. 837, 212 P. 898, is the last expression from that court to which our attention has been directed. There the cause was submitted to the trial court on October 7th. Ten days later the court made an oral announcement that its decision and judgment would be for defendant, with the further announcement that, since the findings and conclusions had not been reduced to writing, the parties would be accorded the privilege of filing motions attacking them within the time permitted by statute after they were filed. Seven days thereafter, that is, on the 24th, plaintiff moved to dismiss without prejudice, and the motion was sustained. On the following day the court on its own motion vacated that order. A renewed motion to dismiss was overruled on November 5th. An appeal was taken from the order vacating the dismissal and from the order denying the renewed motion to dismiss. The court made specific reference to the statute and held that a cause is finally submitted when the jury or the court is placed in possession of it for verdict or decision, as the case may be; that a motion to dismiss must be made before that time, and comes too late if made afterwards; that the cause was submitted on October 7th; that the order of the 24th dismissing the

action without prejudice was erroneous; and that the error was properly corrected by the vacation of that order the following day. It is true that, before the motion to dismiss was filed, the trial court had made oral announcement that its decision and judgment would be adverse to plaintiff, and reference is made to that fact in the opinion, but that is not the basis on which the conclusion rests. Instead, the court said in definite and unmistakable language that a motion to dismiss without prejudice must be made before the case is finally submitted and comes too late if made thereafter. It was further said in equally clear language that it is error to sustain a motion made after final submission.

The statute in Arkansas is identical with that in Kansas, and it has been held by the Supreme Court of that state and by the Circuit Court of Appeals for the Eighth Circuit that, where defendant seeks no affirmative relief, a court may in its discretion permit plaintiff to dismiss without prejudice after the case has been submitted and while it is under consideration. St. Louis S. W. Ry. Co. v. White Sewing Machine Co., 69 Ark. 431, 64 S.W. 96; St. Louis, I. M. & S. Ry. Co. v. Ingram, 118 Ark. 377, 176 S.W. 692; Hall v. Chess & Wymond Co., 131 Ark. 36, 198 S.W. 523; Falvey v. Coats (C.C.A.) 47 F.(2d) 856, 89 A.L.R. 1. But the law of the state of Kansas is decisive here. We are bound by the statute and the interpretation which the Supreme Court of the state has accorded it.

Since the motion to dismiss was filed after the case had been finally submitted, the court erred in sustaining it. The judgment is therefore reversed, and the cause remanded, with direction that the court enter judgment on the merits.