JONESBORO COMPRESS COMPANY *v.* SIMPSON.

Opinion delivered November 17, 1930.

*E. P. Mathes,* for appellant.

*Caraway, Baker & Gautney; Knott & Spencer* and *Gordon Frierson,* for appellees.

HUMPHREYS, J.   Appellant operated a compress at Jonesboro, received cotton from the appellees as warehouseman and stored it in section or shed "A" of the compress which was totally destroyed by fire during the noon hour on December 8, 1927.

Appellees herein and many other owners of cotton which was destroyed in the fire brought separate suits in the circuit court of Craighead County to recover the value of their respective lots of cotton.

The separate cases of appellees and those of H. J. Boolin, W. F. Rogers, Joe Edwards, W. S. Harris, and Mrs. Mary Neyman were consolidated for the purposes of trial.   After the consolidation W. S. Harris and Joe Edwards were each permitted to take a nonsuit in his case.   The other cases were transferred on change of venue to the circuit court of Mississippi County, Chickasawba District, for trial.   After the transfer of the consolidated cases to the latter county, Mrs. Mary Neyman took a nonsuit in her case.   The other cases proceeded to trial upon the pleadings, testimony and the instructions of the court which resulted in separate judgments in favor of each of the appellees for the value of his cotton, from which is this appeal.

The consolidated cases are companion cases with the consolidated cases which were before this court on appeal in the case of *Jonesboro Compress Company* v. *A. W. Hall,* 178 Ark. 753, 13 S. W. (2d) 298.   The pleadings are identical, involving the same issue, and the testimony in the two cases is not materially different. The issue joined was succinctly stated in the Hall case, *supra,* and the facts were fully set out therein,.so reference is made to that case for a statement of both the issue

and the facts, rather than to restate them in the instant case.

The undisputed facts in the instant case reflect that section ''A'' of the compress company, containing about 3,000 bales of cotton, was left during the noon hour without any employee under any instruction to watch or guard against fire. True, the foreman, Peter Batch, testified in the instant case that when he left the compress at four minutes after 12:00 o'clock he left Will Shelton, Charlie Watson, Robert Snow, Joe Perkins, Mack Campbell and Annie Williams there, and that, had it not been that they were to remain in the compress during the noon hour, he would not have left the compress. He did not testify as to what he would or would not have done in the Hall case, *supra*. The parties mentioned by him were negro laborers, none of whom worked or were paid during the noon hour except Snow. Snow and Watson were in the boiler room which was separated from section ''A'' by a fire wall, and to get into section ''A'' they would have to go on an outside platform fifty feet. The others were accustomed to and did go into the old office, for the purpose of eating their dinner, adjoining section ''A'' but also separated from it by a wall containing some windows up quite a distance above the floor. None of them were watching or guarding section ''A'' against fire, and did not observe or discover the fire until too late to extinguish it. We do not think the additional testimony of the foreman changed the condition or situation in the least from the situation and condition reflected by the record in the Hall case, *supra*. The record in the Hall case reflected that section ''A'' was abandoned during the noon hour, and the record in the instant case reflects that no duty was imposed upon the employees by the foreman to watch and protect section ''A'' during the noon hour, and as a matter of fact none of them remained in section ''A'' during the noon hour.

The law of negligence declared and applied in the Hall case was declared and applied in the instant case,

and correctly so, as the facts of the two cases are parallel in all material respects. The instant case therefore is ruled by the Hall case, *supra*.

Appellant contends for a reversal of the judgments because a change of venue was granted to appellees after consolidation of the cases without sufficient affidavits in each and every case, naming four of the cases in which the affidavits were defective or insufficient. Appellant has not favored us with an abstract of the proceedings on the question of removal, and we cannot intelligently pass upon this contention and therefore refrain from doing so.

Appellant also contends for a reversal of the judgments because, after the cases were consolidated, three of the parties were permitted to take nonsuits. They were permitted to dismiss their suits under § 1261 of Crawford & Moses' Digest, and that section accords them the privilege and right to dismiss their causes before the final submission of same to the jury or court. *Carpenter* v. *Dressler,* 76 Ark. 400, 89 S. W. 89. It is even within the sound discretion of the court to permit a nonsuit without prejudice after final submission of the cause. *St. L. S. W. Ry. Co.* v. *White Sewing Machine Co.,* 69 Ark. 431, 64 S. W. 96. The mere fact that cases are consolidated for the purposes of trial cannot take from a party his statutory right to dismiss his suit under said section of the statute.

No error appearing, the judgments are affirmed.