EVANS *v.* BOONE.

5-140                                                    258 S. W. 2d 890

Opinion delivered June 15, 1953.

*L. A. Hardin* and *Owen S. Samuel,* for appellant.

*Edwin E. Hopson, Talley & Owen* and *Dean R. Morley,* for appellee.

WARD, Justice. The only question for our decision is whether the Chancellor erred in allowing appellees (plaintiffs below) to take a nonsuit after they had completed their testimony and rested and after appellant's motion to dismiss.

Since we affirm the indicated action of the Chancellor, it is unnecessary to discuss the merits of the other issues raised in the lower court, and so the following summary of the record will suffice as a background for the question under consideration.

Appellees filed a complaint in the lower court alleging, among other things, that: Mrs. Lizzie McCullough Evans died November 11, 1951, survived by her husband, the appellant; the deceased by will, left a dwelling in Little Rock to her husband for life or until he remarried, and after this the property was to vest in fee in Daniel McCullough Boone and Franklin Coston Boone, the appellees; the will also contained a provision that, by agreement, the three devisees could sell the property and divide the proceeds (as specified in the will); and appellant remarried on December 23, 1951, without the knowledge of appellees and thereafter, on January 16, 1952, fraudulently bought appellees' interest (by warranty deed) pursuant to a contract dated January 7, 1952. The prayer was for a cancellation of the deed.

After the court overruled a demurrer to the complaint, appellant answered, and appellees produced their testimony and announced they had rested their case. Thereupon, appellant filed a written motion, pursuant

to Ark. Stats., 1947, § 27-1729, to dismiss the complaint on the grounds that no fraud had been proven, that there was a verbal agreement to sell previous to appellant's remarriage, and that appellees had made no tender of the purchase price paid to them by appellant. This was just before the noon recess and when court reconvened at 1:30, appellees requested, and the court granted, a nonsuit over the objections of appellant.

The material part of Ark. Stats., § 27-1405, reads as follows: "An action may be dismissed without prejudice to a future action: First. By the plaintiff before the final submission of the case to the jury, or to the court, where the trial is by the court."

Text writers admit that there is some confusion in the decisions of the various courts regarding the question here presented, but our own decisions are unanimous in sustaining the action of the trial court in this instance.

An early leading case which has been many times approved is *St. Louis S. W. Ry. Co.* v. *White Sewing Machine Co.*, 69 Ark. 431, 64 S. W. 96, where the court approved the following language: " 'After a case has been finally submitted to the jury or court the plaintiff has no right to dismiss the action without prejudice to a future action, but, while all legal right on the part of the plaintiff has ended the court may, in its discretion, and to prevent injustice and wrong, permit the plaintiff to recall the submission and dismiss without prejudice, and in such case the action of the court, unless it has abused its discretion, is no ground of error.' "

The above decision was approved in *Carpenter* v. *Dressler*, 76 Ark. 400, 89 S. W. 89, where this court reversed the lower court for refusing a nonsuit, using this language: "A case is not finally submitted until the agreement (argument) is closed, and a plaintiff has a statutory right to nonsuit until final submission. . . . The court treated the agreement to submit the case as the final submission; and if this be right, still it was in the sound discretion of the court to permit a nonsuit after final submission. . . ."

For other cases affirming the above rule, see *Hall, Adm.,* v. *Chess & Wymond Co.,* 131 Ark. 36, 198 S. W. 523; *Watts* v. *Watts,* 179 Ark. 367, 15 S. W. 2d 997; *Jonesboro Compress Co.* v. *Simpson,* 182 Ark. 698, 32 S. W. 2d 447; and *Raymond* v. *Young,* 211 Ark. 577, 201 S. W. 2d 583.

We rest this decision on the ground that the Chancellor had a right, within his sound discretion, to permit appellees to take a nonsuit and that no abuse of discretion has been here shown.

We mention that some decisions of this court noted above seem to indicate that there is no final submission until after final arguments, and that a party can, as a matter of right, take a nonsuit (without prejudice) any time before final submission. We do not here, however, express any opinion on the exact time or stage of the proceedings when a litigant loses this right.

Affirmed.