Robert WHITE *v.* Jim PERRY, David Hudson, Frank Atkinson, and Marcy Porter, In Their Official Capacities as Assessor, County Judge, Collector, and Treasurer for Sebastian County, Arkansas; Charlie Daniels, In His Official Capacity as Arkansas Land Commissioner; and Jimmie Lou Fisher, Arkansas State Treasurer; Greenwood School District; Hackett School District; Hartford School District; Lavaca School District; Charleston School District; Mansfield School District; Booneville School District; Westark Community College; City of Barling, Arkansas; City of Greenwood, Arkansas

01-861                                    74 S.W.3d 628

Supreme Court of Arkansas
Opinion delivered May 16, 2002

*Oscar Stilley*, for appellant.

*Thompson & Llewellyn, P.A.*, by: *James M. Llewellyn, Jr.*, for appellees Greenwood School District; Hackett School District; Hartford School District; Lavaca School District; Charleston School District; Mansfield School District; and Booneville School District.

*Smith, Maurras, Cohen & Redd & Horan, PLC*, by: *S. Walton Maurras*, for appellee Westark Community College.

ROBERT L. BROWN, Justice. Appellant Robert White raises one issue in his appeal: whether the trial court had authority to deny his motion for a nonsuit in favor of deciding the appellees' motions to dismiss with prejudice. We agree with White that a plaintiff's right to a nonsuit before submission of the case for decision is an absolute right and that the trial court erred in refusing to enter an order granting it. We reverse the order of dismissal and remand this matter with directions to enter an order granting the nonsuit.

On October 10, 2000, White, on his own behalf and on behalf of all other taxpayers similarly situated, filed a complaint in the Sebastian County Circuit Court, Greenwood District, alleging

an illegal exaction as a result of taxes collected pursuant to Act 758 of 1995 in violation of Arkansas Constitutional Amendment 59. White named several state and county government officials, school districts, a community college, and a county and cities as defendants. It is these defendants who are the appellees in this matter. Following White's filing of a First Amended Complaint on January 19, 2001, each defendant moved to dismiss the complaint.

On February 20, 2001, White moved for an extension of time in which to file a response to the various motions to dismiss. The trial court granted White's motion and allowed him until March 12, 2001, to respond. The trial court then sent a letter to all parties, scheduling a hearing on the motions to dismiss. Instead of responding to the various motions to dismiss, White filed a Motion to Nonsuit on March 12, 2001.

On March 30, 2001, both the motions to dismiss and White's motion to nonsuit were taken up at the called hearing. At that time, the court considered the motions to dismiss first. After hearing arguments from the parties, the court issued its ruling, stating in part:

> The Court is of the opinion that while a plaintiff has a right to take a voluntary nonsuit, it is not effective until the Court signs the order granting the nonsuit. I have not done so because I felt that it was important for the Court to make a ruling on the Motions to Dismiss.
>
> I have reviewed all the material submitted by the defendants. The plaintiff has not responded to the Motions to Dismiss because he thought his action by taking the voluntary nonsuit would alleviate him of that responsibility.
>
> I have tried to go through his Complaint and see that there's any differential between that Complaint and the Complaint that the Supreme Court ruled on in Oxford. I can discern none; that there is no difference, and the rationale for the filing of the Complaint escapes me.
>
> I'm going to dismiss this Complaint with prejudice. The dismissal is being granted upon the defendants', all their Motions to Dismiss, based upon the aspect of res judicata, that this was previously litigated and that the Supreme Court has settled the law.

On April 11, 2001, the trial court entered its order granting the motions to dismiss. Specifically, the court ruled:

> 7. The Plaintiff's Motion to Nonsuit has not been ruled on by this Court. Rule 41 of the Arkansas Rules of Civil Procedure provides that a nonsuit is not effective until the court enters an order granting same. For the reasons set forth herein the court exercises its discretion to consider the Motions to Dismiss first.
>
> 8. The Court finds that the Plaintiff's complaint is identical to the complaint that had been filed by Mr. Stilley on behalf of Earl Oxford in both the Greenwood District (case No. 99-35-G) and the Fort Smith case filed by Mr. Stilley in the District of Sebastian County, Arkansas. On March 9, 2000 the Arkansas Supreme Court in both the Oxford case filed in the Greenwood District (Sup. Ct. 99-1141) and the case filed in the Fort Smith District determined that the trial courts' decisions to dismiss both cases because of the failure of the Plaintiffs to comply with the voluntary payment of taxes rule was correct and affirmed the dismissals with prejudice. The Plaintiff herein, by Mr. Stilley, filed an identical complaint some seven months after the Supreme Court reached its decision. The Supreme Courts [sic] decision clearly established the law as it applies to this case. The Plaintiff's action is barred by the prior decision of the Supreme Court. The Complaint should be dismissed with prejudice upon the Defendant's [sic] Motions to Dismiss because of res judicata.

In his appeal from this Order, White contends that he had the right to bring this lawsuit, as well as the absolute legal right to take a nonsuit. He further maintains that an order for nonsuit, effective upon the trial court's signature, does not permit the trial court the option of holding that order to decide other motions first.

Appellees WestArk Community College and the School Districts, in separate briefs, raise several arguments to counter White's claim of an absolute entitlement to a nonsuit. They both argue that White never received a ruling from the trial court on his motion for a nonsuit; thus, they contend that the issue is not preserved for our review. They further assert that even if the trial court erred in denying White's motion to nonsuit, White was not prejudiced by the court's order. The reason for this, they claim, is

that White's complaint is the same as a previous lawsuit filed by Earl Oxford, which was decided adversely to Oxford. *See Oxford v. Perry*, 340 Ark. 577, 13 S.W.2d 567 (2000). They maintain that when a second taxpayer such as White files an illegal-exaction lawsuit raising matters already concluded in an earlier suit, the second action is barred by the doctrine of *res judicata*. As authority, appellees cite *Rigsby v. Ruraldale Consol. Sch. Dist. No. 64*, 180 Ark. 122, 20 S.W.2d 624 (1929), and *McCarroll, Comm'r of Revenues v. Farrar*, 199 Ark. 320, 134 S.W.2d 561 (1939). In sum, they argue that White could never legitimately refile his lawsuit regardless of whether he voluntarily dismissed it without prejudice or whether the trial court dismissed it with prejudice. The School Districts further maintain that White failed to state sufficient facts in his complaint, as required by Arkansas Rule of Civil Procedure 8(a), showing the court's jurisdiction and that he and the affected taxpayers are entitled to relief.

A nonsuit by a plaintiff is governed by Rule 41(a) of the Arkansas Rules of Civil Procedure, which sets forth the criteria for the voluntary dismissal of actions. Rule 41(a) provides, in pertinent part:

> (a) *Voluntary Dismissal: Effect Thereof.*
>
> (1) Subject to the provisions of Rule 23(d) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. Although such a dismissal is a matter of right, it is effective only upon entry of a court order dismissing the action.
>
> (2) A voluntary dismissal under paragraph (1) operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based upon or including the same claim, unless all parties agree by written stipulation that such dismissal is without prejudice.

Ark. R. Civ. P. 41(a)(1-2).

■ This court has been resolute in holding that the right to nonsuit, as outlined by the rule, is absolute. *See, e.g., Whetstone v. Chadduck*, 316 Ark. 330, 871 S.W.2d 583 (1994); *Duty v. Watkins,*

298 Ark. 437, 768 S.W.2d 526 (1989); *St. Louis, Iron Mountain & S. Ry. Co. v. Ingram*, 118 Ark. 377, 176 S.W. 692 (1915). An absolute right has been defined as one that "gives to the person in whom it inheres the uncontrolled dominion over the object at all times and for all purposes." *Black's Law Dictionary* 1324 (6th ed. 1990). The absolute right to nonsuit may not be denied by the trial court. 24 AM. JUR. 2D *Dismissal, Discontinuance, and Nonsuit* § 12 (1998).

■ ■ This absolute right to nonsuit exists so long as the nonsuit is requested prior to submission of the case to the jury or to the court. *See Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 954 S.W.2d 939 (1997). Where the nonsuit is requested prior to the final submission of the case, the voluntary nonsuit is an absolute right; however, when it is requested by the plaintiff after final submission of the case, whether to grant a motion for voluntary nonsuit lies within the discretion of the trial court. *See Wright v. Eddinger*, 320 Ark. 151, 894 S.W.2d 937 (1995). A case has not been finally submitted where, even though it has come to a hearing, the argument has not yet closed. *See Duty v. Watkins, supra.* This court has further held in accordance with Rule 41(a) that in order to be effective, a court order must be entered granting the nonsuit even when the nonsuit is a matter of absolute right and not subject to the trial court's discretion. *See Blaylock v. Shearson Lehman Bros., Inc., supra.* Unlike Federal Rule of Civil Procedure 41(a), which limits the plaintiff's unqualified right to a voluntary nonsuit up to the time that a defendant files his answer, the Arkansas rule follows prior Arkansas caselaw and permits the right to nonsuit until the case is submitted for decision. *See* Reporter's Notes to Ark. R. Civ. P. 41.

In this case, we have two time-honored principles that are in conflict: that of a plaintiff's absolute right to nonsuit, and the preclusion of repetitive illegal-exaction suits by various plaintiffs under the doctrine of *res judicata.* In the past, when a motion to dismiss filed by a defendant was in conflict with a plaintiff's right to nonsuit, this court gave preference to the absolute right to nonsuit. *See Brown v. St. Paul Mercury Ins. Co.*, 300 Ark. 241, 778 S.W.2d 610 (1989); *Duty v. Watkins, supra.* For example, in the *Duty* case, Duty had filed suit, and the defendant moved to dismiss

because of a discovery violation. A hearing was called on the motion to dismiss, and Duty appeared and asked to nonsuit. The trial court refused and granted the motion to dismiss with prejudice. We reversed the dismissal and held that the nonsuit should have been granted because the case had not yet been submitted for decision. In *Brown v. St. Paul Mercury Ins. Co.*, *supra*, we held similarly when the trial court granted an order of dismissal in the face of the plaintiff's move to nonsuit.

■ Here, because argument had not yet closed, White's motion was clearly presented to the court prior to submission of the case for decision. Accordingly, appellant had an absolute right to a nonsuit, regardless of the merits of his case. Because White exercised his absolute right to dismiss his claim, this first voluntary dismissal is without prejudice under Rule 41(a) and not an adjudication on the merits. *See Beverly Enters.-Arkansas, Inc. v. Hillier*, 341 Ark. 1, 14 S.W.3d 487 (2000). The trial court erred in not entering an order granting White's motion for a nonsuit without prejudice.

■ As to appellees' argument that White's nonsuit issue fails for lack of preservation because he did not obtain a ruling on his motion, we disagree. The trial court clearly announced it would consider the appellees' motions to dismiss first. After the court granted those dismissals with prejudice, White's motion to nonsuit was moot. That was precisely the situation in *Duty v. Watkins*, *supra*. There was no procedural bar in *Duty*, and there is none here.

■ Finally, we consider the appellees' contentions that the trial court reached the right result, albeit for the wrong reason, and that in any event, White was not prejudiced by the trial court's dismissal order. Again, we disagree. Were we to permit a trial judge to exercise his or her discretion in deciding a nonsuit before submission to the court or jury, we would be significantly eroding a plaintiff's absolute right to nonsuit before submission of the case. We would further be authorizing trial courts to examine the merits of a case, including affirmative defenses, in assessing whether to enter the nonsuit order prior to submission of the case

for decision. This we will not do. In short, the entry of an order granting a nonsuit before submission of the case, as required by Rule 41(a), is not discretionary with the trial court nor subject to an analysis based on an affirmative defense included in a defendant's motion.

■ The same holds true for the School Districts' contention that White's complaint fails to state sufficient facts showing jurisdiction and entitlement to relief and, therefore, violates Ark. R. Civ. P. 8(a). In making this argument, the School Districts are simply restating their *res judicata* defense. Again, raising this defense cannot thwart White's absolute right to nonsuit before submission of his case.

This does beg the question of what protections are in place to protect against a multiplicity of suits, if White is permitted to voluntarily dismiss his lawsuit. The specter raised by the appellees is that a nonsuit will allow such a multiplicity of suits, contrary to what we said in *McCarroll, Comm'r of Revenues v. Farrar, supra*:

> If a suit of this character is not a bar, then one citizen after another might institute a suit for himself and others against the Commissioner of Revenues, and if the judgment in one suit was not a bar, this could continue until every citizen in the state had brought suit. The doctrine of *res judicata* is not only to protect the individual, but it is a matter of public policy.

199 Ark. at 325, 134 S.W.2d at 564. We discount the specter, because we conclude that sufficient protections exist under our rules to curb such abuse.

■ First, there is Rule 41(a), which clearly provides that only one voluntary dismissal without prejudice is allowed. A second nonsuit will be with prejudice. But more to the point, an abuse of the nonsuit procedure by substituting plaintiffs for the same cause of action would subject the attorney to Rule 11 sanctions. *See* Ark. R. Civ. P. 11. That is precisely the relief that was sought by the appellees in this case, though they subsequently withdrew their Rule 11 motion. It is also the avenue that the trial

court stated it would pursue as a matter of its own inquiry. The court said in its order:

9. Rule 11 of the Arkansas Rules of Civil Procedure provides that the signature of an attorney constitutes certificate by him that he has read the pleading and that to the best of his knowledge, information and belief formed after a reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law and that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needlessly increase the cost of litigation. If a pleading is signed in violation of this rule the Court upon motion or its own initiative shall impose upon the person who signed it an appropriate sanction.

10. The Court is greatly concerned that the Complaint was filed in direct violation of the Supreme Court's prior law and rulings and may be a violation of Rule 11. The Court on its own motion is initiating a Rule 11 inquiry which will be set for hearing at some time in the future at which time Mr. Stilley will be given the opportunity to explain why the Complaint in this case was not in violation of Rule 11.

. . .

FURTHER ORDERED the Court retains jurisdiction of this matter to conduct the Rule 11 hearing mentioned above.

█ We believe that Rule 11 is the proper vehicle for correcting any abuse related to multiple filings.[1] This court, of course, has invoked Rule 11 of the Arkansas Rules of Appellate Procedure—Civil to sanction counsel for filing an appeal on an issue that has recently been decided by this court. *See, e.g., Stilley v. Hubbs*, 344 Ark. 1, 40 S.W.3d 209 (2001).

█ For the foregoing reasons, we reverse the order of the trial court dismissing White's complaint and remand with directions to enter an order granting White's motion for nonsuit.

Reversed and remanded.

---

[1] In his Reply Brief, Mr. Stilley, on behalf of White, states that the trial court ruled in his favor in its Rule 11 inquiry. That assertion, if true, is not in the record before us.

GLAZE, J., concurs.

IMBER, J. not participating.

TOM GLAZE, Justice, concurring. I concur. While the court reverses and remands this case because of an error, such reversal in no way means the trial court may not consider any collateral Rule 11 issue that might still be pending. Although the appellant had an absolute right to a nonsuit in the circumstances here, an appellant (or anyone entitled to a nonsuit) is never automatically relieved of the duty and responsibility under Rule 11 to certify that, to the best of his knowledge, information, and beliefs formed after reasonable inquiry, his pleading, motion, or other paper is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Appellants' counsel, Mr. Oscar Stilley, submits the trial court ruled in his favor on the Rule 11 issue, which the trial court raised on its own initiative due to its concern that appellant and Mr. Stilley filed a complaint that was in direct violation of the Arkansas Supreme Court's prior law and rulings. If the trial court has ruled on the Rule 11 issue, no further action may be warranted; however, if that issue has not been dismissed, nothing in this court's decision today automatically disposes of the issue.