2011 Ark. App. 694

**Teresa Eagle BLOODMAN, Appellant**

v.

**JEFFERSON HOSPITAL ASSOCIATION; Jefferson Regional Medical Center; Continental Casualty Company; and Steven H. Wright, M.D., Appellees.**

**No. CA 10–1046.**

Court of Appeals of Arkansas.

Nov. 16, 2011.

Rehearing Denied Jan. 4, 2012.

Roy Thomas Beard III, Jeffrey Loel Singleton and T. Michelle Ator, Little Rock, Teresa Lynette Bloodman, Maumelle, for appellant.

Bradley Scott Runyon, Little Rock, for appellee.

JOSEPHINE LINKER HART, Judge.

Teresa Eagle Bloodman appeals from an order of the Jefferson County Circuit Court dismissing her complaint with prejudice after she attempted to nonsuit separate defendants Steven H. Wright, M.D., and Continental Casualty Insurance Company (Continental), whom she sought to sue under Arkansas's direct-action statute.[1] On appeal, she argues that the trial court erred as a matter of law when it dismissed the complaint with prejudice because she filed her notice of voluntary dismissal before the entry of the trial court's order and because she has an absolute right to a voluntary nonsuit pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure.[2] We affirm.

The facts in this case are not in dispute. On December 30, 2008, Bloodman, as administrator of the estate of her father, John Thomas Eagle, Jr., brought a medical-negligence suit against Jefferson Hospital Association, doing business as Jefferson Regional Medical Center, and its liability carrier, Continental. She later amended the complaint to add Wright as a defendant. Bloodman failed to obtain service on Wright and direct-action defendant Continental within 120 days as required by Rule 4(i) of the Arkansas Rules of Civil Procedure. Wright and Continental moved to dismiss.

After a hearing on the appellees' motions, the trial court announced from the bench that it was dismissing Bloodman's complaint with prejudice.[3] He instructed the appellees to prepare an order of dismissal. However, prior to entering the proposed order, Bloodman filed a motion to dismiss her case pursuant to Rule 41(a)

---

1. Arkansas Code Annotated section 23–79–210 (Supp.2011).

2. On July 8, 2009, Bloodman voluntarily nonsuited Jefferson Hospital Association doing business as Jefferson Regional Medical Center.

3. We note that, ordinarily, a trial court only has authority to dismiss the complaint *without prejudice* pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure. However, the order of dismissal came after the two-year statute of limitations that applies to medical-negligence actions had lapsed. In accordance with the supreme court's direction in *Brennan v. Wadlow*, 372 Ark. 50, 270 S.W.3d 831 (2008), dismissal with prejudice was proper.

of the Arkansas Rules of Civil Procedure. The trial court denied the motion, finding that it was untimely filed. Bloodman appealed.

Rule 41(a) of the Arkansas Rules of Civil Procedure states in pertinent part:

Subject to the provisions of Rule 23(d) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. Although such a dismissal is a matter of right, it is effective only upon entry of a court order dismissing the action.

The supreme court has been resolute in holding that the right to nonsuit, as outlined by the rule, is absolute and may not be denied by the trial court so long as the case has not been submitted to the jury or the court. *Burgie v. Norris*, 2011 Ark. 137, 2011 WL 1206654. Once submitted, the trial court has discretion to decide whether to grant a voluntary nonsuit. *Wright v. Eddinger*, 320 Ark. 151, 894 S.W.2d 937 (1995). On appeal, we review the trial court's decision under an abuse-of-discretion standard.

Bloodman first argues that the trial court erred as a matter of law when it dismissed the complaint with prejudice because she filed her notice of dismissal before the entry of the trial court's order. She cites numerous cases for the proposition that a judgment is not effective until it is reduced to writing and entered by the court. This argument fails because the plain wording of Rule 41(a) gives a party the absolute right to nonsuit only until the case is submitted. A case has been finally submitted at a hearing for Rule 41(a) purposes when the argument has closed. *Burgie v. Norris, supra.* Here, Bloodman did not move to nonsuit until after she had completed her argument to the trial court and received an adverse ruling from the bench. Accordingly, the trial court did not err in finding her motion to nonsuit untimely.

Citing *Linn v. NationsBank*, 341 Ark. 57, 14 S.W.3d 500 (2000), and *Lemon v. Laws*, 305 Ark. 143, 806 S.W.2d 1 (1991), Bloodman next argues that the trial court erred because she has an absolute right to a voluntary nonsuit pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure. Again, her argument fails. In *Wright v. Eddinger, supra*, the supreme court held that a plaintiff no longer had an absolute right to a voluntary nonsuit after the trial court announced its decision from the bench. Accordingly, we reject Bloodman's argument on this point as well. *Linn* and *Lemon* do not compel a different result. Both of those cases involved motions to nonsuit filed before the case was submitted. Her citation of *Shaw v. Destiny Industries, Inc.*, 78 Ark.App. 8, 76 S.W.3d 905 (2002), is similarly unpersuasive because that case involved claims that had not been dismissed by the grant of partial summary judgment.

As a final note, we clarify the disposition of this case. As noted previously, dismissal with prejudice of the complaint against Wright and Continental was proper. Nonetheless, dismissal does not sever whatever contractual obligations Continental has to Jefferson Regional Medical Center and Jefferson Hospital Association; the liability, if any, between these parties has not been adjudicated in this action.

Affirmed.

ROBBINS, J., agrees.

PITTMAN, J., concurs.

JOHN MAUZY PITTMAN, Judge, concurring.

Teresa Eagle Bloodman, as administratrix of the estate of John Thomas Eagle, Jr. (Bloodman), appeals from the dismissal with prejudice of her medical-injury claims

against Steven H. Wright, M.D., and Continental Casualty Insurance Company (Continental). The very narrow arguments that Bloodman makes in her initial brief concern whether she was entitled to nonsuit her claims after the hearing on the appellees' motions to dismiss but before entry of a written order on the motions. Bloodman's arguments are described and answered correctly in the fourth and fifth paragraphs of the majority opinion, and I concur in the decision to affirm the trial court's order. I write separately to clarify who the parties are, to state the bases for the trial court's decision, to explain why we do not reach a third argument made by appellant, and to address what some might perceive as an appealability issue.

On January 21, 2007, Bloodman's father died. On December 30, 2008, Bloodman, in her capacity as administratrix of her father's estate, brought a medical-injury action against Jefferson Hospital Association, doing business as Jefferson Regional Medical Center (the Hospital). The complaint alleged that the decedent was survived by two daughters, Ms. Teresa Bloodman and Ms. Katrina Murry. Anticipating that the Hospital would assert a charitable-immunity defense, Bloodman alternatively sought to recover from Continental, the Hospital's liability carrier, under Arkansas's direct-action statute. See Ark. Code Ann. § 23–79–210 (Supp.2011). A few days later, Bloodman obtained service of process on the Hospital. Continental, however, was never served with summons or a copy of the complaint.

On July 8, 2009, Bloodman's claims against the Hospital were dismissed without prejudice pursuant to Bloodman's motion to voluntarily nonsuit those claims. In late March 2010, Dr. Wright was "served" with a document entitled "Amended Complaint," which named him as a defendant in Bloodman's lawsuit. However, the document had not been filed

with the circuit clerk, and no summons was ever issued or served on Dr. Wright. Dr. Wright and Continental then moved to dismiss Bloodman's claims as to them.

Before those motions could be heard, but well after the two-year statute of limitations on medical-injury actions had lapsed, Bloodman filed what she styled as an "amended complaint." In it, she restated her original allegations against the Hospital and Continental and purported to add Dr. Wright as a defendant. Continental was purportedly served with the amended complaint and a summons via e-mail, but the summons erroneously states that Continental, an out-of-state corporation, had only twenty days within which to respond. Dr. Wright was never served with a summons or filed amended complaint. Continental and Dr. Wright then amended their motions to dismiss.

After a hearing on the motions, the trial court stated that it was dismissing Bloodman's claims against Dr. Wright and Continental with prejudice. The court noted that the Hospital had been dismissed in 2009, found that Continental had not been served within the time required by Ark. R. Civ. P. 4(i), ruled that the so-called "amended complaint" was a "nullity," and held that the statute of limitations had since expired as to Bloodman's claims against Continental. The court further noted that Dr. Wright was not named in the original complaint, found that the statute of limitations had also expired as to any claims against Dr. Wright, and held that the filing of the "amended complaint" was not effective to avoid the statute-of-limitations defense because the relation-back doctrine of Ark. R. Civ. P. 15 did not apply on the facts of this case. The court instructed the appellees to prepare an order of dismissal. However, prior to entry of the proposed order, Bloodman filed a motion to dismiss her case without preju-

dice pursuant to Ark. R. Civ. P. 41(a). In an order entered July 12, 2010, the trial court denied Bloodman's motion, finding that it was untimely filed, and dismissed with prejudice the claims against Dr. Wright and Continental in accordance with its earlier oral ruling. Bloodman appealed.

It seems worth noting that, despite how the majority have chosen to style this case, the appellant here is not Bloodman individually. Rather, the appellant is Bloodman in her capacity as administratrix of her father's estate. That is how she brought this action and took her appeal, and the majority do not explain how, under the circumstances of this case, she would have standing to maintain the action in her individual capacity. *See* Ark.Code Ann. §§ 16–62–101–102 (Repl.2005).

The appellees in this case are Dr. Wright and Continental, not the Hospital. Dr. Wright and Continental are the parties who sought dismissal of the claims below and obtained dismissal in the order appealed from. They are the parties against whom appellant is seeking relief in this appeal, and they are the parties who have an interest adverse to setting aside or reversing the order. The claims stated against the Hospital in the original complaint were dismissed without prejudice a year earlier, the Hospital neither sought nor obtained any relief from the trial court on claims in the amended complaint, and appellant seeks no relief against the Hospital in this appeal.

As stated, the arguments raised in Bloodman's initial brief are very narrow and are answered correctly in the majority opinion. Bloodman also argues that the trial court erred in deciding that the allegations in her amended complaint did not relate back to the date of her original complaint and, thus, that the court erred in ruling that appellees were entitled to dismissal based on the expiration of the statute of limitations. The reason we do not address this argument is because it is made for the first time in Bloodman's reply brief. *See Kassees v. Satterfield,* 2009 Ark. 91, 303 S.W.3d 42.

Finally, the majority opinion is not clear regarding the effect, if any, of the amended complaint. The trial court orally ruled that the amended complaint was a nullity. The majority, however, do not refer to this ruling and simply discuss whether and when appellees were served after the amended complaint was filed. I note that the claims against the Hospital stated in the amended complaint were not expressly disposed of in the order appealed from. However, even if the amended complaint were somehow sufficient to constitute a refiling of the lawsuit against the Hospital, the failure to expressly dispose of those claims would not prevent the order from being appealable under the relatively new subsection (5) of Ark. R. Civ. P. 54(b) for the reason that the Hospital was not served after the amended complaint was filed. *See Global Economic Resources, Inc. v. Swaminathan,* 2011 Ark. App. 349, 389 S.W.3d 631.