

# ARKANSAS COURT OF APPEALS

## DIVISIONS III & IV
**No.** CV-13-607

| | |
|---|---|
| JASON HEARST | **Opinion Delivered** April 2, 2014 |
| APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [No. 23CV-10-911] |
| V. | |
| BILLY PAUL BAKER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE FOR THE CITY OF MAYFLOWER, ARKANSAS | HONORABLE MICHAEL A. MAGGIO, JUDGE |
| APPELLEE | SUBSTITUTED OPINION ON DENIAL OF REHEARING; AFFIRMED |

### LARRY D. VAUGHT, Judge

On February 18, 2014, appellant filed a petition for rehearing. The court denies the petition, but issues this substituted opinion to correct a factual misstatement in the procedural history of the case.

Appellant Jason Hearst filed a complaint against appellee Billy Paul Baker, the Chief of Police of Mayflower, Arkansas, contending that Baker arrested Hearst (allegedly without cause) for domestic battery and placed him in jail although Baker had knowledge that Hearst suffered from a medical condition that required a completely sterile environment. Following the incident, Hearst claimed that he became infected and had to be hospitalized and suffered medical expenses and emotional distress. He filed suit against Baker seeking compensatory and punitive damages. Baker answered denying the claims and asserting the defense of statutory immunity. Baker also filed a motion for summary judgment.

SLIP OPINION

On February 6, 2013, Hearst filed a motion (under Arkansas Rules of Civil Procedure Rule 41) asking that his suit be dismissed without prejudice. An order was entered the same day granting the relief that Hearst requested. Also on February 6, 2013, Baker responded to the dismissal motion, claiming that it should be denied and that summary judgment should be granted in his favor based on Hearst's failure to respond to Baker's summary-judgment motion. In the alternative, Baker requested that Hearst be required to reimburse him for all costs associated with the case and that any refiling be stayed until such costs were paid. On March 25, 2013, the court entered an amended order of dismissal, vacating its earlier dismissal order and denying Hearst's motion. The court then granted Baker's unopposed summary-judgment motion and dismissed the suit with prejudice. On April 18, 2013, Hearst filed a timely notice of appeal with our court arguing that the court erred in vacating his dismissal order and dismissing his suit with prejudice. We find no error and affirm.

A plaintiff has a right to voluntarily nonsuit a case before the final submission of the case to the jury (or a trial court sitting as finder of fact). *Beverly Enters.-Arkansas, Inc. v. Hillier*, 341 Ark. 1, 4, 14 S.W.3d 487, 488 (2000). However, the failure to respond to a motion for summary judgment impacts that absolute right. In *Wright v. Eddinger*, our supreme court held:

> Although the case was submitted on motions for summary judgment, an adverse ruling to the plaintiff would finally dispose of the case. Consequently, we hold the case had been submitted to the court.

320 Ark. 151, 156, 894 S.W.2d 937, 940 (1995). Therefore, once Baker's summary-judgment motion was filed and there was no timely response, the case was "submitted" to the court.

Additionally, when a plaintiff files a motion for voluntary nonsuit *after* the submission of the case, the court can (in its discretion) grant or deny the motion. Ark. R. Civ. P. 41(a) (2013).

Hearst had twenty-one days in which to respond to Baker's summary-judgment motion, and he failed to do so. Ark. R. Civ. P. 56(c)(1) (2013). Hearst also failed to request an extension to respond to the motion. Therefore, once the summary-judgment motion was filed and Hearst failed to timely respond, his absolute right to a nonsuit was exhausted. Because the trial court was within its discretion in its denial of Hearst's request to voluntarily nonsuit his claims against Baker, we affirm.

Affirmed.

HARRISON, WYNNE, GRUBER, GLOVER, and WHITEAKER, JJ., agree.


*Robert A. Newcomb*, for appellant.

*John L. Wilkerson*, for appellees.