Cite as 2021 Ark. App. 391

# ARKANSAS COURT OF APPEALS

DIVISIONS I and IV
No. CV-20-201

| | |
|---|---|
| COURTNEY YOUNG<br>APPELLANT | **Opinion Delivered** October 20, 2021 |
| | APPEAL FROM THE PHILLIPS<br>COUNTY CIRCUIT COURT |
| V. | [NO. 54CV-17-324] |
| SHELTER MUTUAL INSURANCE<br>COMPANY<br>APPELLEE | HONORABLE CHRISTOPHER W.<br>MORLEDGE, JUDGE |
| | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Courtney Young appeals the January 22, 2020 circuit court order that granted appellee Shelter Mutual Insurance Company's motion for summary judgment and dismissed Young's complaint against Shelter with prejudice. Young contends that the circuit court erred by granting summary judgment to Shelter and should have, instead, granted his motion to nonsuit his complaint without prejudice. We affirm.

Young was injured in an accident when he was a passenger in a Ford Explorer. Young sued both the estate of the deceased driver and Shelter, which provided the insurance coverage for the Explorer. By the end of 2017, Young had settled all of his claims except the claim against Shelter for $5,000 in medical benefits. On March 7, 2018, Shelter moved for summary judgment and asked that Young's complaint be dismissed. Shelter did not request a hearing on this motion. Shelter appended exhibits demonstrating that Young's health-insurance provider paid for his medical expenses and the remaining balances were

written off as required by federal law; thus, Young owed no money to any medical provider. Shelter contended that under the contractual terms of the insurance policy covering the Explorer, Young was not entitled to any medical benefits from Shelter.

On March 23, 2018, Young requested that the circuit court grant him an extension of time in which to respond to Shelter's motion. Shelter did not object to an extension. On April 11, 2018, the circuit court granted Young forty-five additional days. On May 25, 2018, Young filed a response and supportive brief in resistance to Shelter's motion for summary judgment, asserting that the policy language was ambiguous or void as against public policy. In June 2018 and in August 2018, Shelter filed a request of the circuit court to grant its motion for summary judgment and dismiss Young's complaint with prejudice, referencing medical records and documents provided by the parties in discovery. The matter remained pending on the docket for more than a year.

On December 5, 2019, the Arkansas Supreme Court handed down *Crockett & Carter v. Shelter Mutual Insurance Co.*, 2019 Ark. 365, 589 S.W.3d 369. Shelter believed the *Crockett* holding had rejected the precise medical-benefits issue Young was pursuing against Shelter in the complaint, entitling Shelter to summary judgment and dismissal of the complaint with prejudice.[1] On January 13, 2020, Shelter filed a "Supplement" to its previously filed motion for summary judgment, attaching the *Crockett* opinion.[2] On January 21, 2020, Young filed

---

[1]David Hodges represented the appellants in *Crockett* and represents Young too. The same law firm represented Shelter in *Crockett* and represents Shelter in the present case.

[2]Crockett and Carter, passengers, were injured in a motor-vehicle accident and filed a lawsuit in Phillips County against Shelter for each person's medical expenses up to $5,000. The circuit court entered summary judgment in favor of Shelter, reasoning that Shelter had paid the injured passengers' medical bills and "discharged" their medical debt, which

2

a motion to dismiss without prejudice, and Shelter filed a response in opposition, noting that Young did not dispute *Crockett*'s application and had waived his absolute right to dismissal without prejudice.

On January 22, 2020, the circuit court granted Shelter's motion for summary judgment and dismissed Young's complaint with prejudice. In the order, the circuit court remarked that Shelter had provided the unanimous *Crockett* decision, Young chose not to respond to Shelter's supplement to its motion for summary judgment, and the court had considered *Crockett* in making its decision.

Young argues on appeal that the circuit court erred by dismissing his complaint with prejudice. Young's contentions are that he requested a nonsuit before Shelter's summary judgment motion had been "submitted" to the circuit court; he exercised his absolute right to nonsuit before the circuit court granted Shelter's motion for summary judgment; and, even if the summary judgment was properly before the circuit court, *Crockett* was not exactly on point to support entry of summary judgment. We affirm.

Young correctly states that our supreme court has been resolute in holding that the right to nonsuit outlined by Rule 41 is absolute and may not be denied by the circuit court so long as the right is asserted before the "final submission" of the case to the jury or the court. *See Burgie v. Norris*, 2011 Ark. 137. A case has not been finally submitted where, even though it has come to a hearing, the argument has not yet closed. *White v. Perry*, 348 Ark. 675, 74 S.W.3d 628 (2002). If a case is submitted to the circuit court on a motion for

relieved Shelter of any obligation to pay the men compensation for medical expenses related to the accident. The supreme court considered the identical insurance policy language and held that the policy language was unambiguous and not void as against public policy.

summary judgment and an adverse ruling has been announced to the plaintiff, then the case has been "submitted" for purposes of Rule 41. *Id.*; *Bloodman v. Jefferson Hosp. Ass'n*, 2011 Ark. App. 694, 386 S.W.3d 653 (affirming circuit court's dismissal with prejudice; holding Bloodman's attempt to nonsuit "untimely" when presented after completing her argument and receiving an adverse bench ruling but before order was prepared and filed). Once submitted, the circuit court has discretion to decide whether to grant a voluntary nonsuit. *Wright v. Eddinger*, 320 Ark. 151, 894 S.W.2d 937 (1995). On appeal, we review the circuit court's decision under an abuse-of-discretion standard. *Bloodman*, *supra*. The appellant has the burden of demonstrating that the circuit court abused its discretion. *Wright*, *supra*.

Shelter filed its summary-judgment motion in March 2018, and in April 2018, the circuit court granted Young forty-five additional days in which to file his response. This was in keeping with Arkansas Rule of Civil Procedure 56(c), which requires the party resisting a motion for summary judgment to "serve a response and supporting materials, if any, within 21 days after the motion is served," although "[f]or good cause shown, the court may by order reduce or enlarge the foregoing time periods." In May 2018, Young filed a timely response to Shelter's motion for summary judgment, asserting that the medical-payments provision in the "Coverage C" portion of Shelter's insurance contract was ambiguous or void as against public policy. In June 2018, Shelter filed a reply to Young's response. In August 2018, Shelter asked that the court grant its motion for summary judgment. The matter remained pending for well over a year. No hearing was conducted

4

on this motion.[3]  In January 2020, Shelter filed a copy of a December 2019 supreme court opinion, which Shelter believed fully supported the motion for summary judgment. No further argument on the summary-judgment issue was requested by the circuit court or presented by Young.

We reject Young's contentions that the circuit court acted on the motion for summary judgment before his time to respond had expired and that the court was required to grant his motion to nonsuit, filed one day before entry of summary judgment. Young, in fact, filed a formal response to Shelter's motion for summary judgment in May 2018.  In January 2020, Shelter provided the circuit court with a 2019 Arkansas Supreme Court opinion as additional support for its motion filed in 2018. Young did not request more time to present additional argument regarding Shelter's pending summary-judgment motion or the supplemental supreme court opinion Shelter had presented. The circuit court did not request additional argument. The circuit court did not enter summary judgment until January 22, 2020.

We hold that, for purposes of Rule 41, Shelter's motion for summary judgment had been submitted to the court before Young sought to nonsuit. In these circumstances, Young did not have an absolute right to nonsuit his complaint without prejudice. *See Hearst v. Baker*, 2014 Ark. App. 214.  In *Hearst*, Baker filed a motion for summary judgment.[4] Hearst

---

[3]Rule 56 permits, but does not require, the circuit court to hold a hearing; a hearing on such a motion is not mandatory. *See Se. Distrib. Co. v. Miller Brewing Co.*, 366 Ark. 560, 237 S.W.3d 63 (2006). Young does not contend on appeal that the failure to conduct a hearing on Shelter's motion for summary judgment constitutes reversible error.

[4]The *Hearst* opinion does not recite the date that Baker filed his motion for summary judgment or the due date of Hearst's response to Baker's motion.

subsequently filed a motion to nonsuit his case; Hearst did not file a response to Baker's motion within twenty-one days or request an extension in which to respond. We held that the circuit court was within its discretion to dismiss Hearst's case with prejudice, reasoning that once Hearst failed to respond to Baker's motion for summary judgment, "the case was 'submitted' to the court," and Hearst's failure to timely respond meant that "his absolute right to a nonsuit was exhausted." *Id.* at 1. The same is true here, and Young has failed to demonstrate an abuse of discretion in not granting Young's motion to nonsuit his complaint without prejudice.

Young adds to his argument on appeal by asserting that the *Crockett* opinion is not identical in every way to his case, so the circuit court erred in granting summary judgment. We disagree.

On appellate review, the court determines if summary judgment was appropriate after considering whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Konecny v. Federated Rural Elec. Ins. Exch.*, 2019 Ark. App. 452, 588 S.W.3d 349. The moving party bears the burden of sustaining a motion for summary judgment. *Id.* Summary judgment is no longer viewed as a drastic remedy; it is simply viewed as one of the tools in the circuit court's efficiency arsenal. *Id.* Summary judgment is appropriate when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Id.* Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material fact.

6

*Id.* When summary judgment is granted pursuant to precedent of the Arkansas Supreme Court, the Arkansas Court of Appeals must affirm the summary judgment. *Id.*

The Shelter insurance contract provision to be interpreted in this case is precisely the same as that being litigated in *Crockett*, and the arguments Crockett and Carter asserted against summary judgment (that Shelter's contractual language was ambiguous or that the contractual provisions were void as against public policy under Ark. Code Ann. § 23-89-202) are precisely the same arguments rejected by our supreme court in *Crockett*. We recognize that Young added a claim in his amended complaint to seek payment of the $5,000 in medical benefits pursuant to an alleged breach of an oral contract. Specifically, Young alleged that a Shelter insurance adjuster had made an oral contract with Young's then-attorney to pay Young the $5,000 in medical benefits even though Young had no outstanding medical debt related to the accident. However, Young failed to meet proof with proof to support the existence of an oral contract in his response to Shelter's motion for summary judgment.

For the foregoing reasons, we affirm the dismissal of Young's complaint against Shelter with prejudice.

Affirmed.

HARRISON, C.J., and GRUBER, WHITEAKER, and VAUGHT, JJ., agree.

BARRETT, J., dissents.

**STEPHANIE POTTER BARRETT, Judge, dissenting**. This case boils down to the determination of what constitutes "final submission" regarding an absolute right to nonsuit pursuant to Rule 41 of the Arkansas Rules of Civil Procedure. I disagree with the majority

7

that the case was finally submitted making the nonsuit determination by the circuit court discretionary. When the defendant filed a supplemental motion for summary judgment allowing the plaintiff twenty-one days to respond, Young had up to and until his response was due to avail himself of the absolute right to nonsuit.

The supreme court handed down *Crockett v. Shelter Mutual Insurance Co.*, 2019 Ark. 365, 589 S.W.3d 369, on December 5, 2019. On January 13, 2020, Shelter filed a supplement to its motion for summary judgment and motion to dismiss, attaching a copy of the supreme court's opinion in *Crockett* and asking the circuit court to grant its motion for summary judgment and motion to dismiss with prejudice in light of that decision. This supplement further argued the similarities between the cases in an effort to persuade the court that *Crockett* was dispositive. There were emails and letters exchanged between Young's attorneys, Shelter's attorneys, and the court regarding the time allowed for response. It was agreed that Young had twenty-one days to respond. The twenty-first day fell on a holiday, making the response due on January 21. On January 21, Young filed a motion to dismiss without prejudice. On January 22, the circuit court dismissed Young's claim with prejudice. Young filed a notice of appeal on February 20.

Rule 41(a)(1) of the Arkansas Rules of Civil Procedure allows an action to be dismissed by the plaintiff without prejudice to a future action before the final submission of the case to the court when trial is by the court; such a dismissal is a matter of right, but it is effective only upon entry of a court order dismissing the action. The grant of a voluntary nonsuit after final submission of the case is within the circuit court's discretion. *Wright v.*

*Eddinger*, 320 Ark. 151, 894 S.W.2d 937 (1995). So here, the first question that must be answered is whether there was a "final submission" to the court for decision.

In a jury trial, a case is submitted for the purpose of Rule 41(a) when the court sends the case to the jury after closing arguments. *Hall v. Chess & Wymond Co. of Ark.*, 131 Ark. 36, 198 S.W. 523 (1917); *see also Lemon v. Laws*, 305 Ark. 143, 806 S.W.2d 1 (1991); *Bloodman v. Jefferson Hosp. Ass'n*, 2011 Ark. App. 694, 386 S.W.3d 653. When trial is to the court, the situation may be more fluid. *See Evans v. Boone*, 222 Ark. 296, 258 S.W.2d 890 (1953) (declining to express an opinion on the "exact time" that a nonjury case is finally submitted). If, for example, the court invites posttrial briefs, the right of dismissal continues until the deadline for their submission. If the court does not invite further briefing, submission occurs when both parties have rested, and the court takes the case under advisement. *See Watts v. Watts*, 179 Ark. 367, 15 S.W.2d 997 (1929). In either type of trial, the plaintiff may dismiss before a ruling on the sufficiency of his or her evidence, even if the court has suggested that the evidence is too weak. *See Bullock v. Miner*, 225 Ark. 897, 286 S.W.2d 328 (1956) (jury trial); *Mut. Benefit Health & Accident Ass'n v. Tilley*, 174 Ark. 932, 298 S.W. 215 (1927) (bench trial); *Hall v. Chess & Wymond Co. of Ark.*, 131 Ark. 36, 198 S.W. 523 (1917) (jury trial). In *Evans*, *supra*, the plaintiffs in a chancery case rested, the defendant moved to dismiss on the ground that the plaintiffs had not proved their case, and the court then ordered a recess for lunch. When the court reconvened, the plaintiffs requested a nonsuit, which the court granted. The supreme court affirmed but did not decide whether the case had been finally submitted. Even if submission had occurred, the court said, the circuit court had discretion to permit the nonsuit.

9

With respect to potentially dispositive pretrial motions such as the motion for summary judgment in the case at hand, the rule is less clear. There is a right to dismiss prior to the time that a response is due. *White v. Perry*, 348 Ark. 675, 74 S.W.3d 628 (2002); *Brown v. St. Paul Mercury Ins. Co.*, 300 Ark. 241, 778 S.W.2d 610 (1989); *Coombs v. Hot Springs Vill. Prop. Owners Ass'n*, 75 Ark. App. 364, 57 S.W.3d 772 (2001). There is also a right to dismiss at the close of a hearing on a motion. *Duty v. Watkins*, 298 Ark. 437, 768 S.W.2d 526 (1989). There is also a right to dismiss at the point at which any further briefs requested by the court must be filed. In *Wright*, *supra*, the circuit court conducted a hearing on defense motions for summary judgment. The court indicated from the bench that the motion for summary judgment would be granted, but an order had not yet been entered when the plaintiff filed a supplemental brief and alternatively sought to voluntarily dismiss her claim. The supreme court held that the case had been submitted at the close of the hearing, emphasizing that there was no indication that the circuit court had requested further briefs. The case at bar is distinguishable from *Wright* because the circuit court had not ruled on the motion for summary judgment nor indicated how it intended to rule.

Shelter's motion for summary judgment was filed in March 2017. Young filed a response in May 2018 and simultaneously requested a hearing. Shelter filed a reply in June 2018. The parties were aware that the *Crockett* case, which involved the same issues and same attorneys, was pending before the supreme court. Although the court had directed the parties to mediation, both attorneys agreed that mediation would be fruitless, and both were waiting on the decision in *Crockett*. The supplement filed by Shelter provided the circuit court with the decision in *Crockett* and argued that the cases had the same or similar

facts; *Crockett* was dispositive; and Shelter should be awarded summary judgment. Had Shelter simply filed a request for judicial notice of supplemental authority, filed a notice of filing with the clerk attaching a copy of the opinion, or perhaps even just sent a letter to the court attaching a copy of the opinion with copies to opposing counsel and the clerk, the case may have remained submitted, making the nonsuit discretionary. However, upon filing a supplemental brief and arguing the similarity between the cases, Shelter removed the case from "final submission" to allow Young twenty-one days to respond and Shelter the ability to file a reply if deemed necessary.

The majority cites *Hearst v. Baker*, 2014 Ark. App. 214, in support of its claim that Young had not responded to Shelter's filing of the *Crockett* case and had thus waived his absolute right to dismissal without prejudice. *Hearst* is clearly distinguishable from this case, and to claim that Young did not file a response is misleading. In *Hearst*, Baker filed a motion for summary judgment on December 14, 2012, giving Hearst twenty-one days to respond. The deadline would have been January 4, 2013. Hearst did not respond and did not move for voluntary nonsuit until February 6, 2013. The holding in *Hearst* that a plaintiff's absolute right to a voluntary nonsuit was exhausted when he did not file an answer to the motion for summary judgment by January 4, 2013, does not apply in this situation because Young did file a response to the motion for summary judgment. He did not file a response to the supplemental motion for summary judgment because the deadline had not passed when he filed his motion for voluntary nonsuit, which is the strongest distinction. For the majority to require the plaintiff to file a response to the supplemental motion for summary judgment is nonsensical because filing the response may cause the case to be in final submission if the

defendant did not file a reply brief. If a party is entitled to an absolute right of nonsuit and so moves for such, there is no need to file a response to the supplemental motion for summary judgment.

Although the motion for summary judgment had been pending for 529 days, there is not an amount of time prescribed by case law pertaining to Rule 41 that designates an amount of time as a factor in determining whether a case has been submitted. The court could have ruled on the motion but did not. Had the court allowed a hearing on the motion for summary judgment, the case would not have been submitted until arguments had closed. There are various instances in which a potentially dispositive pretrial motion may be considered submitted at one point and not submitted thereafter as a result of a request for hearing, a request for briefs, or a filing of one party that opens a time frame for a responsive filing as is the situation in this case. Neither the merits of the case nor the dispositive nature of *Crockett* has bearing on a party's absolute right to nonsuit; therefore, the merits of the underlying case need not be addressed.

I believe the majority's position—without a clear definition of when this case was in "final submission"—muddies the already murky waters of what constitutes final submission in dispositive pretrial motions.

For the reasons stated above, I would reverse the circuit court's dismissal with prejudice.

*David A. Hodges*, for appellant.

*Matthews, Sanders & Sayes, P.A.*, by: *James T. Sayes*, for appellee.